# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00031-KDB

| | |
|---|---|
| ROXANNE PARSONS ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security[1],<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Roxanne Parsons Arnold's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 18). Ms. Arnold, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

## I. BACKGROUND

On September 4, 2018, Plaintiff filed her application for benefits under title II of the Social Security Act, alleging that she had been disabled since August 16, 2018. (*See* Tr. 15). Plaintiff's application was denied initially and upon reconsideration. (*See id.*). After conducting a hearing on June 16, 2020, Administrative Law Judge L. Harris (the "ALJ") denied Plaintiff's application in a decision dated August 12, 2020. (Tr. 19-31). On December 22, 2020, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 1-3). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Arnold has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Arnold was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Arnold had not engaged in substantial gainful activity ("SGA") since her alleged onset date; and at step two that she had the following medically determinable and severe impairments: congestive heart failure, essential hypertension, morbid obesity, and rapid atrial fibrillation (Tr. 17) (20 C.F.R. 404.1520(c)). However, the ALJ found at

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 19).

The ALJ then determined that Ms. Arnold had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours, standing for 4 hours, and walking for 4 hours; push/pull as much as can lift/carry. The claimant can climb ramps and stairs occasionally, climb ladders, ropes and scaffolds occasionally, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can never work at unprotected heights (such as hazards), and never around moving mechanical parts.

(Tr. 19).

At step four, the ALJ found that the Plaintiff was unable to perform her past relevant work as a CNA (certified nurse aid) (*See* Tr. 29-30). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given her age (42), high school education, work experience, and RFC — could perform, including cashier, bagger, call out operator, etc. (*See* Tr. 24). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from August 16, 2018 through the date of her decision. (*See* Tr. 24).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*,

993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).  The District Court does not review a final decision of the Commissioner *de novo*.  *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."   42 U.S.C. § 405(g).   In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below.  *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises two challenges to the ALJ's decision. As a threshold issue, she asserts that the ALJ's decision must be remanded on constitutional grounds, specifically that the removal restriction allegedly applicable to the former Commissioner who appointed the ALJ was

4

constitutionally defective because it violated the separation of powers. Second, Plaintiff argues that the ALJ failed to account for all of her limitations in the RFC or explain the failure to account for all limitations.

The Court first finds that the Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds her constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Yet, Plaintiff offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of her application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.[3]

---

[3] Indeed, Plaintiff's constitutional "removal restriction" argument is likely not even applicable to this case because ALJ Harris was appointed by an *Acting* Commissioner of Social Security who could be removed from that office at the President's discretion. *See* 42 U.S.C. § 902(b)(4); *Collins,* 141 S. Ct. at 1783 ("[W]e generally presume that the President holds the power to remove at will executive officers and that a statute must contain "plain language to take [that power] away."); *see also United States v. Eaton*, 169 U.S. 331, 343 (1898) (holding that where a

5

With respect to the merits, the Court finds that there is substantial evidence to support the ALJ's conclusion with respect to the formulation of the RFC and the related explanation of how the ALJ arrived at that conclusion. Specifically, the ALJ acknowledged Plaintiff's alleged shortness of breath and dyspnea diagnosis, (Doc. No. 16 at 11; Tr. 20, 21, 778), but found that despite Plaintiff's reported symptoms, her physical examinations were consistently negative for dyspnea and in particular, her breath sounds were normal, she had good air movement, and there was no evidence of wheezing, crackles, or rhonchi (Tr. 17, 1094, 1100-01, 1106-07, 1117-18, 1127-28). Further, the ALJ described how she considered Plaintiff's reports alongside the medical evidence showing controlled symptoms, good pulmonary function, and the potential for additional improvement with smoking cessation in determining Plaintiff's ability to meet the requirements of light exertional work (Tr. 19-23). 20 C.F.R. § 404.1545; SSR 96-8p. The ALJ explained that Plaintiff underwent pulmonary function testing and despite what her cardiologist, described as a "poor effort" and Plaintiff's decision to continue smoking against the doctor's advice, the diagnostic test failed to show any evidence of obstructive or restrictive lung disease (Tr. 21, 779). Similar evidence supported the ALJ's conclusions on other complaints, such as "mild sleep apnea" (*See* Tr. 21).

As noted above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). Again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but rather only whether there is substantial evidence to support the ALJ's ruling. The Court has carefully reviewed the record, the authorities,

---

"subordinate officer is charged with the performance of the duty of the superior for a limited time, and under special and temporary conditions, he is not thereby transformed into the superior and permanent official"). Further, the Court need not and does not reach the Commissioner's additional arguments (harmless error, De Facto Officer doctrine and Rule of Necessity) in support of the constitutionality of the ALJ's ruling.

6

and the parties' arguments. The ALJ applied the correct legal standards and her conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 8, 2022

Kenneth D. Bell
United States District Judge